769-15

NO. PD-0769-15

IN THE

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS.

LARRY GENE SEWELL, PRO SE.

PETITIONER

V.

THE STATE OF TEXAS

RESPONDENT.

PETITIONER'S PRO SE PETITION FOR DISCRETIONARY REVIEW

On petition for discretionary review:

In appeal No. 02-15-00034-CR.

From the court of appeals.

Second Supreme Judicial District

Fort Worth, Texas.

ORIGINAL

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 18 2015

Abel Acosta, Clerk

FILED IN
COURT OF CRIMINAL APPEALS

SEP 18 2015

Abel Acosta, Clerk

Larry Gene Sewell,
petitioner, pro se.

Identity of Judge-Parties, and Counsel-Pro se

Honorable Elizabeth Beach
Judge, Criminal District Court No 1
TIM CURRY CRIMINAL JUSTICE CENTER
401 W. Belknap Street.
Fort Worth, Texas. 76196

_____  _____

Ms. Debra A. Windsor
Tarrant County, Assistant District Attorney
401 W. Belknap street.
Fort Worth, Texas. 76196-0201

_____  _____

Ms. Lisa C. McMinn
Texas State's Prosecuting Attorney
P.O. Box - 13046
Austin, Texas. 78711

_____  _____

Larry Gene Sewell, Pro se
408290
Telford Unit - TDCJ-CID.
3899 STATE HIGHWAY 98
New Boston, Texas. 75570

I.

# TABLE OF CONTENTS

Idenity of Judge-Parties. and counsel _ _ _ _ _ I

Table of contents _ _ _ _ _ II

Index of Authority _ _ _ _ _ III

Request for oral Argument _ _ _ _ _ IV

Statement of the case _ _ _ _ _ 1

Procedural History _ _ _ _ _ 2-3

Ground for Review _ _ _ _ _ 3

PROHIBITED JUNE 15, 1987, EX PARTE NUNC PRO TUNC PROCEEDINGS, AND THE VOID NUNC PRO TUNC ORDER ENTERED.

Argument _ _ _ _ _ 4-6

Prayer For Relief _ _ _ _ _ 6

Appendix _ _ _ _ _ 7

# INDEX OF AUTHORITIES

Page

STATUTES:

Texas Rules of Criminal Procedure - 42.06 _____ _____ _____5
    Amended without substantive change

Texas Rules of Appellate Procedure - 23.1 _____ _____ _____5

Fifth, Fourteenth Amendments - United States Constitution ___ 6

Article 1 Section 19 - Texas Constitution _____ _____ _____ 6

CASE LAW:

Blanton. V. State, 369 SW3d 894 - Tex. Crim. _____ _____ ___ 6

Riley. V. Cockrell, 339 F.3d 308                 _____ _____ ___ 6

Homan. V. State. 708 SW2d 449 - Tex. Crim. App. 1986 ___ 6

Johnson. V. State, 233 SW3d 420 - Tex. App. Fort Worth - 2007- 6

Smith, V. State, 15 SW3d 294                 _____ _____ ___ 6

III.

## REQUEST FOR ORAL ARGUMENT

Pro se petitioner, Larry Gene Sewell, faithfully believes, Oral Argument would be useful, base on the on the unequivocal legal complexities, contained in this Prose Petition for Discretionary Review, and should be granted.

IV.

NO.

IN THE

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS.

LARRY GENE SEWELL, PRO SE.
PETITIONER

V.

THE STATE OF TEXAS

RESPONDENT.

PRO SE PETITION FOR DISCRETIONARY REVIEW

TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS:

PRO SE PETITIONER, LARRY GENE SEWELL, Respectfully submitts this PRO SE PETITION FOR DISCRETIONARY REVIEW, and moves that this Honorable Court grant review of this cause and offers the following in support thereof:

## STATEMENT OF THE CASE

On 14th day, of January 1985, James Weldon Day, the Manager of Bavarian Motors Company, was found shot to death in the offices of the Company. No one could identify his assailant, or saw or heard the incident. Fort Worth-Police, relying on information about an allege incident between the deceased, and Petitioner, without a warrant took Petitioner into Police Custody, who was a former employee of Bavarian Motors Company. No murder weapon was ever recovered, or admitted into evidence.

1.

## PROCEDURAL HISTORY

In cause no. 0248756-D. Petitioner was indicted on 23rd day of April, 1985, for the offense of CAPITAL MURDER.

The offense was alleged to have occured on the 14th day of January, 1985. The primary offense was enhanced, and petitioner was represented by court-appointed counsel.

On the 21st day of October 1985, a jury was selected, and on the 22nd day of October, 1985, petitioner plead "NOT-GUILTY" to the primary offense, and not true to the enhanced paragraphs, contained in the indictment in cause no. 0248756-D, and a jury trial commenced, in which the jury found petitioner "GUILTY" and at the punishment phase, found "ONE" prior conviction used to enhance punishment to be true, and "NONE" for the use of a deadly-weapon and punishment was assessed at life imprisonment. Following final sentencing petitioner notice of an appeal, and appointment of counsel was granted.

The appeal was affirmed on September 11, 1986 [PROSE PDR], was refused as untimely. Subsequently, petitioner filed a pro se motion, requesting the criminal district court Number One, of Tarrant County, to Nullify, and set aside

2.

a void, ex parte, nunc pro tunc judgment, and order that was sign, and entered [WITHOUT NOTICE], on June 15, 1987, one and a half years. later, after petitioner had appeal to the second court of appeals.

On the reccomendation, and request of the Tarrant County, District Attorney's office, the criminal District Court number one, granted the state's motion/request, and denied relief.

Petitioner gave timely notice of appeal, and on May 21, 2015 the second court of appeals, dismissed the pro se appeal, for want of jurisdiction. Petitioner's motions for rehearing, and motion for en banc reconsideration, were denied.

## GROUND FOR REVIEW

The second court of appeals, fail to take into consideration, the unforeseen, unequivocal circumstances, cause by the criminal District Court number one, Tarrant county, that in fact, deprived pro se petitioner of his constitutional rights to due process of law, and to file a timely notice of appeal, from the 1987, ex parte proceedings.

3.

## ARGUMENT

Pro se Petitioner contends, the Ex Parte, Nunc Pro Tunc proceedings "without any notice" to Pro se petitioner, was conducted on June 15, 1987, and on the same day the Ex Parte Nunc Pro Tunc June 15, 1987, order was entered. And on the same day, The Honorable WILLIAM A. HUGHES, Jr. JUSTICE [RETIRED], Second Court of Appeals, directed the Tarrant County, Criminal District Clerk to mail a copy of the Ex parte proceedings, and Nunc Pro Tunc order, sign by WILLIAM A. HUGHES, Jr. JUSTICE [RETIRED] — NOT SITTING BY ASSIGNMENT, to the Texas Department of Corrections.

Petitioner, nor his Court-Appointed trial Attorneys, nor his Appellate Attorney received a copy of the Ex Parte Nunc Pro Tunc proceedings, and the Nunc Pro Tunc order, entered on June 15, 1987, as require by operation of law.

The Second Court of Appeals, fail to consider in their Per Curiam conclusion, the fact, it is unrefutable that petitioner had no notice, or knowledge, that the June 15, 1987, Ex Parte, Nunc Pro Tunc proceedings, and the Nunc Pro Tunc order entered, had commenced and concluded, thus preventing Pro se Petitioner, and unlawfully

4.

depriving petitioner of his substantive rights to be informed, and to be heard, and right to appeal.

In accordance with the Texas code of criminal procedure Article 42.06 [AMENDED WITHOUT SUBSTANTIVE-CHANGE], and Texas Rules of Appellate procedure 23.1

States in pertinent part, "Unless an appeal has been taken, a failure to render judgment, and pronounce sentence may be corrected at anytime, i.e; Nunc pro tunc, by the Court doing so. In the Instant P.D.R., the Ex Parte Nunc Pro Tunc hearing, and the Nunc pro tunc order entered was on June 15, 1987, a year, and a half after the petitioner had already appealed the Jury's verdict of guilt, and the Jury's imposed "Life" sentence, to the second court of Appeals, which is prohibited by the now Texas Rules of Appellate procedure. 23.1, supra.

Petitioner further contends his substantive rights were also violated, as mandated by SHAW. V. STATE, 539 SW2d 887. while it is still good case law, "which states in pertinent part, "Before any unfavorable Nunc pro tunc Judgments are entered against a defendant, the person convicted must be given "Notice" and the opportunity to be present for the Nunc pro tunc proceeding, and represented by counsel, to afford him due process of law.

5.

EX Parte NUNC Pro TUNC Order was in fact, entered to petitioner's detriment, without a hearing, in violation of the due process clause of the fifth, and fourteenth amendments to the United States Constitution, and Article 1 Section 19 of the Texas Constitution. Also see: HOMAN. V. HUGHES, 708 S.W.2d 449 [Tex. Crim. App. 1986]; SMITH. V. STATE, 15 S.W.3d 294; JOHNSON, V. STATE, 233 S.W.3d 420 [Tex. App. Fort Worth - 2007. pet. ref'd ]; BLANTON. V. STATE, 369 S.W.3d 894 [Tex. Crim. App. 2012]; RILEY. V. COCKRELL, 339 F.3d 308.

In this instant pro se petition for Discretionary Review the Criminal District Court Number One, had no jurisdiction, no authority to conduct a Ex Parte NUNC Pro TUNC proceeding, and enter the improper NUNC Pro TUNC order, in the Jury's original judgment, and sentence imposed, after an appeal had already been filed and taken to the Second Court of Appeals, which was prohibited by Texas Rules of Appellate Procedure 23.1 supra.

### PRAYER

Pro se petitioner pray, that the Honorable Texas Court of Criminal Appeals, will vacate the unauthorize June 15, 1987, Ex Parte NUNC Pro TUNC proceeding, and void order entered and re-instate Jury's original judgment, i.e.; affirmative finding [NONE]. JOHNSON, supra.

Respectfully Submitted,

6.



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-15-00034-CR

LARRY GENE SEWELL                                         APPELLANT

V.

THE STATE OF TEXAS                                         STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
### TRIAL COURT NO. 0248756D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Larry Gene Sewell attempts to appeal from the trial court's order denying his motion to set aside a prior nunc pro tunc order. We dismiss the appeal.

In 1985, a jury convicted appellant for committing murder. The trial court sentenced him to confinement for life. In 1987, the trial court entered a nunc pro

---

[1]*See* Tex. R. App. P. 47.4.

tunc order that amended the judgment to include an affirmative deadly weapon finding. The record does not establish that appellant attempted to challenge the nunc pro tunc order through an appeal (or otherwise) at that time.[2]

In December 2014, appellant filed a motion to set aside the nunc pro tunc order. The same month, the trial court denied appellant's motion, finding that the "deadly weapon finding is proper." Appellant filed a pro se notice of appeal from the December 2014 order.

We sent appellant a letter expressing our concern that we lack jurisdiction over this appeal because the trial court's order is not appealable. We informed appellant that unless he filed a response showing grounds for continuing the appeal, we would dismiss it. Appellant filed a response, but the response does not cite authority showing that the trial court's December 2014 order is appealable, nor have we found such authority. Because we conclude that the December 2014 order denying appellant's motion to set aside the 1987 nunc pro tunc order is not appealable, we dismiss appellant's appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *Underwood v. State*, No. 11-08-00128-CR, 2008 WL 2058548, at \*1 (Tex. App.—Eastland May 15, 2008, pet. dism'd) (mem. op., not designated for publication) (holding that when a defendant attempted to challenge a 1992 nunc pro tunc order by filing a motion to vacate in

---

[2]A nunc pro tunc order is appealable, but the appeal must be brought within the time set by the rules of appellate procedure. *See Blanton v. State*, 369 S.W.3d 894, 904 (Tex. Crim. App. 2012).

2

2008, the court of appeals did not have jurisdiction over the trial court's denial of that motion); *see also In re McCreary*, No. 12-15-00067-CR, 2015 WL 1395783, at *1 (Tex. App.—Tyler Mar. 25, 2015, orig. proceeding) (mem. op., not designated for publication) (explaining that an order denying a motion for judgment nunc pro tunc is not appealable and that the appropriate remedy for a trial court's refusal to correct a clerical error in a judgment is through a petition for writ of mandamus)[3] (citing *Ex parte Ybarra*, 149 S.W.3d 147, 148–49 (Tex. Crim. App. 2004)).

PER CURIAM

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 21, 2015

---

[3]Appellant's motion to set aside the nunc pro tunc order is similar to a motion for judgment nunc pro tunc because it appears to seek a change of the trial court's final judgment of conviction (as amended by the 1987 nunc pro tunc order).



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-15-00034-CR

| | | |
|---|---|---|
| Larry Gene Sewell | § | From Criminal District Court No. 1 |
| | § | of Tarrant County (0248756D) |
| v. | § | May 21, 2015 |
| | § | Per Curiam |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that the appeal should be dismissed. It is ordered that the appeal is dismissed for want of jurisdiction.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-15-00034-CR

LARRY GENE SEWELL          APPELLANT

V.

THE STATE OF TEXAS          STATE

------------

FROM THE CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
TRIAL COURT NO. 0248756D

------------

## ORDER

------------

We have considered "Appellant's Motion For Rehearing."

It is the opinion of the court that the motion for rehearing should be and is hereby denied and that the opinion and judgment of May 21, 2015 stand unchanged.

The clerk of this court is directed to transmit a copy of this order to the attorneys of record.

DATED June 25, 2015.

PER CURIAM

PANEL: LIVINGSTON, C.J.; DAUPHINOT, and GARDNER



# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-15-00034-CR

LARRY GENE SEWELL APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
TRIAL COURT NO. 0248756D

------------

## ORDER

------------

We have considered "Appellant's Pro Se Motion For En Banc Reconsideration" filed by appellant Larry Gene Sewell, pro se.

It is the opinion of the court that the motion for en banc reconsideration should be and is hereby denied and that the opinion and judgment of May 21, 2015 stand unchanged.

The clerk of this court is directed to transmit a copy of this order to the appellant and the State's attorney of record.

DATED August 6, 2015.

PER CURIAM

EN BANC

THE STATE OF TEXAS  X

VS.   0248756D  X

LARRY GENE SEWELL  X

## NUNC PRO TUNC ORDER

On this the 15th day of June, 1987, it being made known and considered by the Court, that the Judgment in the above styled and numbered cause failed to reflect and affirmative finding of a deadly weapon and should be amended and corrected.

Whereas, the Judgment entered of record on October 30, 1985, in Volume 72, Page 505, does not reflect a affirmative finding of a deadly weapon;

It is now the considered opinion of the Court that the Judgment should be amended and corrected to recite:

The Jury affirmatively finds that the defendant used or exhibited a Deadly Weapon, To-Wit: a Firearm, during the commission of the offense or during immediate flight therefrom.

It is therefore ORDERED, ADJUDGED, and DECREED by the Court that the Judgment be amended and corrected to recite:

The Jury affirmatively finds that the defendant used or exhibited a Deadly Weapon, To-Wit: a Firearm, during the commission of the offense or during immediate flight therefrom.

And the Clerk of said Court is hereby ORDERED to attach a copy of this order to the Original Judgment in the above styled and numbered cause. It f further ORDERED that the Clerk of this Court furnish the officials at he Texas Department of Corrections, Huntsville, Texas, a certified copy of his Order for their records.

SIGNED AND ENTERED this the 15th day of June, 1987.

_____
PRESIDING JUDGE, CRIMINAL DISTRICT COURT #ONE,
TARRANT COUNTY, TEXAS
W. A. Hughes, Jr.
Senior Judge Presiding

A

THE STATE OF TEXAS

VS.                    NO. 0248756D

LARRY GENE SEWELL

IN THE ___CRIMINAL___ DISTRICT

COURT _____ONE_____ OF

TARRANT COUNTY, TEXAS

## JUDGMENT ON JURY VERDICT OF GUILTY AFTER INDICTMENT
## PUNISHMENT FIXED BY COURT OR JURY — NO PROBATION GRANTED

| | | |
|---|---|---|
| Date of Entry | : | October 30, 1985 |
| Defendant | : | Larry Gene Sewell |
| Judge Presiding | : | Hon. Toby Goldsmith |
| Attorney for State | : | Criminal District Attorney Tim Curry-Larry Moore-Scott Wisch |
| Attorney for Defendant | : | Michael Heiskell-Bill Chambers |
| Foreman of Jury | : | Paul Douglas Zoldak |
| Offense | : | Murder |

Offense Date: January 14, 1985

| | | |
|---|---|---|
| Charging Instrument | : | Indictment | Count and/or Paragraph(s) : Count Two |
| Date of Arraignment | : | October 21, 1985 | Plea: Not Guilty |
| Jury Verdict and Date | : | Guilty -October 28, 1985 | Foreman: Paul Douglas Zoldak |
| Plea to Enhancement Paragraph | : | Enhancement Paragraphs #1, #2, & #3-NOT TRUE | Enhancement Paragraph(s) : One Prior Felony Conviction |
| Punishment and Place of Confinement | : | Life, Texas Department of Corrections | Punishment Assessed by: Jury-Paul Douglas Zoldak Foreman |
| Date of Sentence | : | October 30, 1985 | Costs: $151.00 |
| Sentence and Place of Confinement | : | Life, Texas Department of Corrections | |
| Time Credited | : | From 1-18-85 to Date of Sentence | |
| Cumulation | : | None | |

On this day, set forth above, this cause was called for trial, and the State appeared by the above named attorney, and the Defendant appeared in person in open court, the above-named counsel for Defendant also being present, or, where a Defendant is not represented by counsel, that the Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel; and the said Defendant having been duly arraigned and it appearing to the Court that Defendant was mentally competent, and having pleaded as shown above to the indictment herein, both parties announced ready for trial and thereupon a jury, to-wit, the above named foreman and eleven others, was duly selected, impaneled and sworn, who having heard the indictment read and the Defendant's plea thereto, and having heard the evidence submitted, and having been duly charged by the Court, retired in charge of the proper officer to consider the verdict, and afterward were brought into Court by the proper officer, the Defendant and defendant's counsel being present, and returned into open court the verdict set forth above, which was received by the Court and is here now entered upon the minutes of the Court as shown above.

Thereupon, the Defendant elected to have punishment assessed by the above shown assessor of punishment, and when shown above that the indictment contains enhancement paragraph(s), which were not waived, and alleges Defendant to have been convicted previously of any felony or offenses for the purpose of enhancement of punishment, then the Court asked Defendant if such allegations were true or false and Defendant answered as shown above. And when Defendant is shown above to have elected to have the jury assess punishment, such jury was called back into the box and heard evidence relative to the question of punishment and having been duly charged by the Court, they retired to consider such question, and after having deliberated, they returned into Court the verdict shown under punishment above; and when Defendant is shown above to have elected to have punishment fixed by the Court, in due form of law further evidence was heard by the Court relative to the question of punishment and the Court fixed the punishment of the Defendant as shown above.

IT IS, THEREFORE, CONSIDERED AND ORDERED by the Court, in the presence of the Defendant, that the said judgment be, and the same is hereby in all things approved and confirmed, and that the Defendant is adjudged guilty of the offense set forth above as found by the verdict of the jury, as set forth above, and said Defendant be punished in accordance with the Jury Verdict or the Court's Finding, as shown above and that the Defendant is sentenced to a term of imprisonment or fine or both, as set forth above, and that said Defendant be delivered by the Sheriff to the Director of the Department of Corrections of the State of Texas, or other person legally authorized to receive such convicts for the punishment assessed herein, and the said Defendant shall be confined for the above named term in accordance with the provisions of law governing such punishments and execution may issued as necessary.

And, if shown above that the Defendant has been duly and legally convicted of a prior offense by showing the Court, Cause Number and Offense, together with the punishment for such offense and date Defendant was sentenced for such offense in accordance with such conviction, then it is further ORDERED AND ADJUDGED that the punishment herein adjudged against said Defendant shall begin when the judgment in such prior offense, when shown above, shall have ceased to operate.

And the said Defendant is remanded to jail until said Sheriff can obey the direction of this judgment.

VOL. 72 PAGE 505

PRESIDING JUDGE

October 30, 1985

DATE SIGNED

Notice of Appeal: October 30, 1985
Appeal Withdrawn: _____
Mandate Received: _____

B

## CERTIFICATE OF SERVICE

I, Larry Gene Sewell, Pro Se Petitioner, hereby certify, that a true and correct copy of the above foregoing PRO SE PETITION FOR DISCRETIONARY REVIEW, has been forward to, by US Mail, Postage Prepaid-First Class to: Ms. Debra A. Windsor, Tarrant-County, Assistant District Attorney, Fort Worth, Texas. And to Ms. Lisa C. McMinn, Texas State's Prosecuting Attorney, P.O. Box-13046, Austin, Texas. 78711

On this the 9th day of September - 2015.

Larry Gene Sewell, Pro Se.
408290 - Petitioner
Telford Unit - TDCJ-CID.
3899 State Highway 98
New Boston, Texas. 75570

I, Larry Gene Sewell, TDCJ-CID No. 408290, being presently incarcerated in the Telford Unit, of the TDCJ-CID, Bowie County, Texas. Verify, and declare under the penalty of perjury, that the foregoing statements are true, and correct.

Executed on this the 9th day of September - 2015.

Respectfully Submitted,
Larry Gene Sewell, Pro Se.
Petitioner.